UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

TRACY DUKES,

        Plaintiff,

v.

LEGACY PRIVATE CARE, LLC,

        Defendant.

## COMPLAINT

Plaintiff TRACY DUKES, by her undersigned attorney, on behalf of herself and others similarly situated, brings this action under the Fair Labor Standards Act of 1938, as amended (29 USC § 201 et seq.), hereinafter "the Act," to recover unpaid back wages, unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

1. Jurisdiction of this action is conferred by Section 16(b) of the Act (29 USC 216(b)).

2. Defendant LEGACY PRIVATE CARE, LLC ("LEGACY"), at all times hereinafter mentioned has been a Florida company having a place of business and doing business in Martin County where it has been engaged in the home healthcare business.

3. At all times hereinafter mentioned, Defendant LEGACY having been engaged in related activities performed through unified operation or common control for a common business purpose; having employees engaged in home healthcare services; and having annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the

retail level which are separately stated), therefore constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(r) and (s) of the Act (29 USC § 203(r) and (s)).

4. At all times hereinafter mentioned, Defendant employed employees, including Plaintiff who were regularly engaged in home healthcare services. Such employees, therefore, have been engaged in commerce within the meaning of Section 3(b) and (j); respectively, of the Act (29 USC § 203(b) and (j)).

5. During the period from approximately August, 2015 through February, 2017, Defendant LEGACY employed Plaintiff DUKES in the aforesaid enterprise for workweeks longer than 40 hours and intentionally failed to compensate her for her employment in excess of 40 hours per week at a rate of at least one-half(½) and/or one and one-half(1½) times the regular rate at which she was employed, contrary to the requirements of Section 7 of the Act (29 USC § 207)

6. As a result of the underpayments of wages alleged above, Defendant LEGACY is indebted to Plaintiff DUKES in the amount of the unpaid minimum wages and overtime compensation and back pay. The records of the hours worked by Plaintiff DUKES and the compensation she received in workweeks in which excess hours were worked, are in the exclusive possession and under the sole custody and control of the Defendant LEGACY.

7. As a result of the underpayment of wages alleged above, Plaintiff DUKES estimates that Defendant LEGACY is indebted to Plaintiff in the amount of $5,250.00, which amount Defendant has refused to pay. This is only a portion of the wages owed to Plaintiff DUKES. Upon receipt of discovery from Defendant, Plaintiff will calculate the total damages due.

8. Pursuant to Section 16(b) of the Act, Plaintiff DUKES is entitled to the recovery of a reasonable attorney's fee.

WHEREFORE, Plaintiff DUKES demands judgment against Defendant for $5,250.00, an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and a trial by jury of all issues.

WHEREFORE, plaintiff demands judgment against defendants

Dated: June 13th, 2017

VASSALLO, BILOTTA, FRIEDMAN & DAVIS
1401 Forum Way, Suite 501
West Palm Beach, FL 33401
(561) 471-2800 - Telephone
(561) 471-2818 - Facsimile
Attorney for Plaintiff
Joeb@vassallobilotta.com

*/s/ Joseph Bilotta*
Joseph Bilotta
Florida Bar No.: 0881414

I, TRACY DUKES, consent to being named as a plaintiff in this action.

_____
TRACY DUKES